### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY MONTANA WHEELER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 11-CV-0117-CVE-PJC |
| ) | |
| ANITA TRAMMELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 9) to the motion to dismiss. Respondent filed a reply (Dkt. # 10). The Court finds that because the Oklahoma Court of Criminal Appeals (OCCA) has granted Petitioner the relief requested in his petition, the petition shall be dismissed without prejudice as moot. Respondent's motion to dismiss shall be declared moot.

*BACKGROUND*

On April 20, 2009, Petitioner entered a plea of guilty to Robbery With a Firearm in Tulsa County District Court, Case No. CF-2008-5609. See Dkt. # 8, Ex. 1. The trial judge accepted the plea, found Petitioner guilty, and sentenced him to thirty (30) years imprisonment. Id. Petitioner did not file a motion to withdraw plea within the ten (10) day period prescribed by Oklahoma law. See Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*.

On September 22, 2009, Petitioner filed an application for post-conviction relief requesting an appeal out of time. (Dkt. # 8, Ex. 2). On December 23, 2009, the state district court recommended that Petitioner be granted a *certiorari* appeal out of time. (Dkt. # 8, Ex. 3). However, on October 29,

2010, the OCCA dismissed Petitioner's application for *certiorari* appeal out of time based on Petitioner's failure to comply with Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*. (Dkt. # 8, Ex. 4).

On March 3, 2011, Petitioner filed a second application for post-conviction relief, again requesting an appeal out of time. See Dkt. # 8, Ex. 5. On April 12, 2011, the state district court again recommended that Petitioner be granted a *certiorari* appeal out of time. (Dkt. # 8, Ex. 5). On April 15, 2011, Petitioner commenced PC-2011-272, by filing a document titled "Appeal Out of Time Motion to Adopt" (Dkt. # 8, Ex. 6). That post-conviction appeal was pending at the OCCA when Respondent filed the motion to dismiss presently before the Court.

On February 25, 2011, or prior to his filing of the second application for post-conviction relief requesting an appeal out of time, Petitioner filed the instant petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner asserts one (1) ground of error, as follows:

> Ground 1:   Appeal out of time through no fault of my own.
> District judge recommended to the OCCA that I receive a new trial because I wasn't allowed to withdraw within 10 days. He told me I didn't need to file anything more. 10 months later I found out I should file. The OCCA denied that PC. They told me to go back to District Court. They denied me on 10-29-10. But I got the order on 1-26-11.

(Dkt. # 1). Petitioner acknowledges that he filed his habeas petition while he continued to exhaust state remedies. See id.

### *ANALYSIS*

A state prisoner generally may not raise a claim for federal habeas corpus relief unless she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct

alleged constitutional errors. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii). The state prisoner bears the burden of proving that she exhausted state court remedies, see McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion would have been futile, see Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). Requiring exhaustion may be futile if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

The Court agrees with Respondent that when Petitioner commenced this action, the petition for writ of habeas corpus was subject to dismissal without prejudice for failure to exhaust state remedies. See Robertson v. Utah, 119 Fed. Appx. 212 (10th Cir. 2004) (unpublished)[1]; Dkt. # 8, Ex. 8. However, the Court has reviewed the status of Petitioner's on-going effort in the state courts to obtain a *certiorari* appeal out of time. The docket sheet for Case No. PC-11-272 reflects that on September 7, 2011, the OCCA granted Petitioner's request for a *certiorari* appeal out of time. See www.oscn.net.

---

[1] Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

3

Article III of the U.S. Constitution allows courts to adjudicate only "live case[s] or controvers[ies]." Burke v. Barnes, 479 U.S. 361, 363 (1987). A case is moot if "events occur" that "resolve the controversy underlying" the case. United States v. Dominguez-Carmona, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds by* United States v. Meyers, 200 F.3d 715 (10th Cir. 2000). "When a favorable decision will not afford plaintiff relief," the case is moot. McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999).

As a result of the OCCA's ruling, entered September 7, 2011, granting Petitioner a *certiorari* appeal out of time, Petitioner has been afforded all of the relief he seeks in this habeas corpus petition. Therefore, his petition is moot. McAlpine, 187 F.3d at 1216. The petition for writ of habeas corpus shall be dismissed without prejudice as moot. Respondent's motion to dismiss for failure to exhaust state remedies shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7) is **declared moot**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** as moot.
3. A separate judgment shall be entered in this matter.

**DATED** this 8th day of November, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT